In the Matter of ROLAND A. RHOADHOUSE, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously annulled, without costs and matter remitted to respondent for further proceedings in accordance with memorandum.   Memorandum: Upon the present record and findings we cannot find that there was no evidence to sustain the determination of the Commissioner revoking petitioner's license but it is difficult to determine whether the evidence was substantial.   In any event, we are dissatisfied with the hearing conducted by respondent and the findings made.   The petitioner testified that on a dark night at about 9:30 P.M. he was driving on a straight road with his headlights on low beam.   He testified that he felt a bump; something rolled off my hood on the side.   He had not seen the pedestrian and did not know from where he came.   He admitted having had some ale at a tavern before the accident but the proof is confusing as to the amount he consumed.   It appeared from his testimony that Deputy Sheriffs were present and made measurements but they were not called as witnesses.   He further testified that a girl, whose name was supplied, had witnessed the accident, but apparently no effort was made to obtain her testimony.   The findings of the Referee are also troublesome.   It was found that the headlights were "dimmed".   We find no such proof but, as stated, the testimony is that the lights were on low beam — according to petitioner's testimony "They were good lights."   The finding as to the amount of beer or ale petitioner consumed is also difficult to reconcile with the confused testimony on the subject.   On the other hand, a pedestrian was killed and we are reluctant to simply annul respondent's determination.   In the exercise of discretion the proceeding should be remanded for a new hearing.   Thereat the ambiguities of the present testimony and findings may be clarified.   Consideration should also be given to obtaining the testimony of the Deputy Sheriffs and the named witness to the accident, all of whom might shed light on the manner in which the vehicle was operated and how the accident occurred.   (Review of the action of the Commissioner of Motor Vehicles in revoking petitioner's operator's license, which proceeding was transferred to the Appellate Division for determination by order of Erie Special Term.)   Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

In the Matter of LOUIS J. CUZZIVOGLIO, Appellant, v. J. CARROLL HAMLIN, as Commissioner of Public Safety of the City of Utica, et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party.   (Appeal from order of Oneida Special Term denying petitioner's application for reinstatement and dismissing the proceedings.)   Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

PATRICIA A. QUINN et al., Appellants, v. CITY OF ROCHESTER, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.   Memorandum: There were questions of fact as to negligence, contributory negligence and assumption of risk.   (Appeal from judgment of Monroe Trial Term dismissing the complaint on motion by defendant at the close of plaintiff's case.)   Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

ERIE COUNTY BOARD OF SOCIAL WELFARE, Appellant, v. JIMMIE BILLINGSLEA, Respondent.— Order unanimously affirmed, without costs of this appeal to either party.   (Appeal from order of Erie Children's Court denying order of filiation and dismissing the complaint.)   Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.